**SETTLEMENT AGREEMENT**

This Settlement Agreement is made by and among, (i) SHIQIANG GAO, MING GU, ZHIZHONG LIU, and JUN FENG YE (hereinafter "Plaintiffs") (ii) SHINE GLORY LLC d/b/a MoMo Sushi, LIN HERMAN, and CAHYADI S TANJUNG, (hereinafter, "Defendants"), (Plaintiffs and Defendants, collectively, "the Parties"); and

WHEREAS, Plaintiffs were employed by Defendants for certain time periods; and

WHEREAS, on November 12, 2017, SHIQIANG GAO , through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-08791 (the "Complaint").Plaintiffs MING GU, ZHIZHONG LIU, and JUN FENG YE subsequently joined the lawsuit;

WHEREAS, Defendants deny all claims in Plaintiffs' Complaint;

WHEREAS, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

WHEREAS, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

WHEREAS, Plaintiffs have, throughout the negotiation and execution of this Agreement, been represented by their counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355, Tel: 718 762 1324; and

WHEREAS, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Keli Liu, Esq., HANG & ASSOCIATES, PLLC, 136-20 38th Ave., Suite #10G, Tel: 7183538588, Email: Kliu@hanglaw.com and

WHEREAS, Plaintiffs' Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses; and

WHEREAS, Plaintiffs' Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses (the "Agreement"); and

WHEREAS, Plaintiffs acknowledge that they have entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

WHEREAS, Plaintiffs acknowledge that they understand the meaning and effect of the execution of this Agreement.

THEREFORE, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Non-Admission**. This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation. The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is

expressly disputed by the Parties. This Agreement shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement.

    2.    **Settlement Amount and Method of Payment**

        a) In exchange for and in consideration of the covenants and promises contained herein, including Plaintiffs' limited release of all wage-and-hour claims against Defendants and the Releasees (as defined herein) as set forth in **Paragraph 7** below, Defendants will provide Plaintiffs with a settlement in the amount of Seventy-Five Thousand Dollars ($75,000.00) (the "**Settlement Sum**").

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiffs, are documented to the amount of Nine Hundred Four Dollars And Fifty Cents ($904.50). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Seventy-Four Thousand Ninety-Five Dollars And Fifty Cents ($74,095.50). The Settlement Sum shall be allocated as follows:

    i.    One Third (1/3), or Twenty-Four Thousand Six Hundred Ninety-Eight Dollars And Fifty Cents($24,698.50), is due to Plaintiffs' attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Nine Hundred Four Dollars And Fifty Cents ($904.50) for a total of Twenty-Five Thousand Six Hundred Three Dollars ($25,603.00).

    ii.    Two Thirds (2/3), or Forty-Nine Thousand Three Hundred Ninety-Seven Dollars ($49,397.00) is due to Plaintiffs. Specifically,

        a. Twenty-One And Thirty-Three Hundredth Percent (21.33%), or Ten Thousand Five Hundred Thirty-Six Dollars And Thirty-Eight Cents ($10,536.38) is due to Plaintiff SHIQIANG GAO;

        b. Thirty-One And Fifty-Seven Hundredth Percent (31.57%), or Fifteen Thousand Five Hundred Ninety-Four Dollars And Sixty-Three Cents ($15,594.63) is due to Plaintiff MING GU;

        c. Twenty-one and sixty hundredth percent (21.60%), or ten thousand six hundred sixty-nine dollars and seventy-five cents ($10,669.75) is due to Plaintiff ZHIZHONG LIU; and

        d. Twenty-Five And Fifty Hundredth Percent (25.50%), or Twelve Thousand Five Hundred Ninety-Six Dollars And Twenty-Four Cents ($12,596.24) is due to Plaintiff JUN FENG YE.

The allocation percentage is determined as follows: By first finding the sum of compensatory damages (FLSA and NYLL) in the damages computed and one liquidated damage (NYLL) for each Plaintiff; plus Time-of-Hire and Paystub violations and delivery vehicle costs and then finding the total for Plaintiffs; and finding the weight of each Plaintiff's compensatory and liquidated damages of this total.

    b) The Settlement shall be payable on a schedule as set forth as follows:

      i. **Installment 1 of 1**: Fifteen Thousand Dollars ($15,000.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within one (1) month of judicial approval of this settlement agreement and consist of **six (6) checks**:

      01) A bank check made payable to "Troy Law, PLLC" in the amount of of Nine Hundred Four Dollars And Fifty Cents ($904.50) and memo noting "SHINE GLORY LLC d/b/a MoMo Sushi Settlement Pay 1 of 1" representing out-of-pocket costs expended on behalf of Plaintiffs for the present action;

      02) A bank check of Twenty-Four Thousand Six Hundred Ninety-Eight Dollars And Fifty Cents ($24,698.50), made payable to "Troy Law, PLLC" and memo noting "SHINE GLORY LLC d/b/a MoMo Sushi Settlement Pay";

      03) A bank check of Ten Thousand Five Hundred Thirty-Six Dollars And Thirty-Eight Cents ($10,536.38), made payable to "SHIQIANG GAO" and memo noting "SHINE GLORY LLC d/b/a MoMo Sushi Settlement Pay";

      04) A bank check of Fifteen Thousand Five Hundred Ninety-Four Dollars And Sixty-Three Cents ($15,594.63), made payable to "MING GU" and memo noting "SHINE GLORY LLC d/b/a MoMo Sushi Settlement Pay";

      05) A bank check of Ten Thousand Six Hundred Sixty-Nine Dollars And Seventy-Five Cents ($10,669.75), made payable to "ZHIZHONG LIU" and memo noting "SHINE GLORY LLC d/b/a MoMo Sushi Settlement Pay";

      06) A bank check of Twelve Thousand Five Hundred Ninety-Six Dollars And Twenty-Four Cents ($12,596.24), made payable to "JUN FENG YE" and memo noting "SHINE GLORY LLC d/b/a MoMo Sushi Settlement Pay";

    c) Plaintiffs agree and affirm that the payment of the Settlement Sum shall constitute the entire amount of monetary consideration provided to them and their legal counsel under this Agreement and that Plaintiffs will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs or disbursements in connection with any of the matters encompassed in this Agreement or any aspect of their relationship with the Defendants outside of the contemplated application for reasonable attorneys fees. Plaintiffs agree, affirm, and acknowledge that they have been paid all wages and wage supplements and all other amounts owed to them for any reason by the Defendants.

3. **Missed/ Late Payment**

    a) If the payment is received by Plaintiffs' counsel seven (7) or more days after its due date or if the check is received on time but bounces or is unpresentable for

      payment, including being not signed or being made to the incorrect payee, Defendant agrees to pay a late charge of nine percent (9%) of that Settlement Payment and this charge will be paid with the new payment.

    b) In addition, if payment is received more than thirty (30) days after the due date of the check, Defendant agrees to pay an additional interest charge accrued at a simple interest of nine percent (9%) per year.

4. **Attorneys' Fees in the Event of Default**

    a) In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiffs' attorneys' fees for attorneys' fees and cost and disbursements of judgment lien enforcement proceedings

5. **Acceleration of Settlement Sum upon Default**

    a) In the event Defendants breach this Settlement agreement by failing to make timely payment and failed to cure such default in the timely manner, such breach shall result in accelerated payment of the entire Settlement sum.

6. **Tax**

a) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

7. **Plaintiffs' Representations and Warranties.**

    Plaintiffs hereby represent, warrant, acknowledge, and affirm as follows:

    a) Except as set forth in this Paragraph 1, Plaintiffs are not entitled and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiffs acknowledge and agree that unless they enter into this agreement, they would not otherwise be entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiffs each acknowledges and agrees that after receipt of the consideration set forth in this Paragraph 1, he/ she has each been paid and/or each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which each of them is, was, or may have been entitled.

    b) The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiffs against Defendants, as alleged in the Complaint, including any claims for wages or overtime pay under state, federal or common law, and any claims for liquidated damages, statutory penalties, attorneys' fees, costs, interest and/or other expenses.

    c) that they have no known workplace injuries or occupational diseases and have been provided and/or have not been denied any leave requested under the Family and Medical Leave Act.

8. **Claims Released by the Plaintiffs**

In exchange for and in consideration of the covenants and promises contained herein, Plaintiffs, individually and on behalf of their children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive, discharge, and release (i) LIN HERMAN, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) CAHYADI S TANJUNG, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iii) SHINE GLORY LLC d/b/a MoMo Sushi and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; from any claims whatsoever relate to or arise from what was alleged in the Complaint, including without limitation liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever pertaining to Plaintiffs' employment with Defendants. This release does not include a release of any rights Plaintiffs' may have under this Agreement.

Nothing herein, however, shall prevent Plaintiffs from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency; provided, however, that Plaintiffs further agree and understand that they have each waived their right to recover monetary damages from Defendants in connection with any such charge, complaint or lawsuit filed by their or on their behalf arising from, or in any way relating to, their employment with Defendants. Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiffs, Plaintiffs' heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiffs as of the date the Agreement is signed on behalf of Defendants.

9. **<u>Covenant Not to Sue.</u>**

   a) Having received independent legal advice, Plaintiffs covenant and agree, to the fullest extent of the law, that they will not institute nor consent to allow any other person or entity to institute on their behalf against any of the Released Parties any claim, lawsuit, or proceeding with any court or other forum, in any way relating to or arising out of any claim or other matter herein released, including but not limited to Plaintiffs' employment with the Defendants.
   b) In the event any action or claim is brought by any third party purportedly on behalf of one or all of the Plaintiffs against any of the Released Parties for matters that have been released pursuant to this Agreement, Plaintiffs covenant and agree to take action to dismiss such claim with prejudice and acknowledges that he will not be entitled to recover from such action.
   c) Plaintiffs understand and acknowledge that the releases and waivers set forth above will completely bar any recover or relief obtained on his behalf,

whether monetary or otherwise, by any person or entity with respect to any of the claims that they have released against any and all the Released Parties.

d) Should any of the Plaintiffs breach Paragraph 9 of this Agreement or any part thereof, as determined by a court of competent jurisdiction, Plaintiff(s) shall immediately return all monies previously paid pursuant to this Agreement, but this Agreement shall otherwise remain fully in force.

10. **Mutual Non-Disparagement**.

The Parties agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Company in the eyes of an ordinary and reasonable person in the community, but will not preclude the Parties from making good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding.

11. **No Application for Employment or Reemployment**. Plaintiffs covenant and agree that they will not seek or accept employment by or with SHINE GLORY LLC d/b/a MoMo Sushi or their successors in the future in any capacity whatsoever. Defendants will have no obligation to consider any application for employment that Plaintiff(s) submits in violation of this Paragraph and Defendants have no obligation to retain any of the Plaintiffs as an employee or independent contractor. Plaintiffs hereby waive and release any and all rights to bring any claim or cause of action against Defendants for refusing to hire or retain him at any point in time.

12. **Dismissal of Pending Action**

Plaintiffs acknowledge and agree that they are not presently aware of any legal proceeding other than the Action pending between Plaintiffs and/or their representatives and Defendants or the Releasees. Plaintiffs agree to dismiss and withdraw Consolidated Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as **Exhibit A** ("Stipulation"), which Stipulation Plaintiffs' attorneys shall file upon the Court's approval of the instant settlement agreement by ECF to be So-Ordered by the Court. Plaintiffs shall further agree to refrain from refiling any and all claims against Defendants and the Releasees, including but not limited to, any and all claims asserted, or which could have been asserted, in the Complaint.

13. **Waiver of Agreement**

The failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times. If a party, by its actions or omissions waives or is adjudged to have waived any breach of the Agreement by any party, any such waiver shall not operate or be construed or asserted as a waiver of any other subsequent breach of the Agreement.

14. **Choice of Law and Forum**

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiffs' employment with Defendants or this Agreement shall be resolved in the United States District Court for the Southern District of New York, with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

15. **Entire Agreement**

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiffs acknowledge that Defendants have made no promises to them other than those contained in this Agreement.

16. **Modification**

This Agreement may not be changed unless the change is in writing and signed by the Parties.

17. **General Provisions**

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

18. **Legal Counsel**

Plaintiffs are hereby advised of their right to consult with an attorney before signing this Agreement. Plaintiffs each hereby acknowledges that they are fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and signing of this Agreement.

19. **Execution**

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFFS ACKNOWLEDGE THAT THEY HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFFS**

SHIQIANG GAO

_Shi Xiang Gao_
Dated:

MING GU

_Ming Gu_
Dated:

ZHIZHONG LIU

_ZHI ZHONG LIU_
Dated:

JUN FENG YE

_Jun Feng Ye_
Dated:

**DEFENDANTS**

LIN HERMAN

_[signature]_
Dated: 5/4/18

CAHYADI S TANJUNG

_[signature]_
Dated: 5/31/18

SHINE GLORY LLC d/b/a MoMo Sushi

_[signature]_ 5/31/18
Name: En En Liem
Title: Authorized Corporate Representative
Dated:

**DEFENDANTS**

LIN HERMAN

_[signature]_
Dated: 5/4/18

CAHYADI S TANJUNG

_[signature]_
Dated: 5/31/18

SHINE GLORY LLC d/b/a MoMo Sushi

_[signature]_ 5/31/18
Name: En En Liem
Title: Authorized Corporate Representative
Dated:

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GAO *et al.*

                                                Plaintiffs,

     v.

SHINE GLORY LLC d/b/a MoMo Sushi *et al.*         Case No.17-cv-08791

                                          Defendants.       **STIPULATION AND ORDER OF**
-----------------------------------------------------------x      **DISMISSAL WITH PREJUDICE**

       IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiffs or Defendants. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

| | |
|---|---|
| TROY LAW, PLLC<br>*Attorneys for the Plaintiffs* | HANG & ASSOCIATES, PLLC<br>*Attorneys for Defendants* |
| By: _____<br>John Troy (JT 0481)<br>41-25 Kissena Blvd., Suite 119<br>Flushing, NY 11355<br>Tel: 718 762 1324 | /s/ _____<br>Keli Liu, Esq.<br>136-20 38th Ave., Suite #10G<br>Flushing, New York 11354<br>Tel: 718)3538588 |

SO ORDERED.

_____